IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN C. BIGLEY,

        Plaintiff,

v.                                          Case No. 14-CV-1083-JTM-KMH

EMPLOYMENT SECURITY BOARD OF REVIEW, AND
DARREN MOORE,

        Defendants.

MEMORANDUM AND ORDER

The court has before it Employment Security Board of Review's Motion to Dismiss (Dkt. 9) and Darren Moore's Motion for Joinder (Dkt. 14). The matter is fully briefed, and the court is prepared to rule.

## I. Background

John C. Bigley, a pro se plaintiff, claims the termination of his employment by his supervisor, Darren Moore, was wrongful and entitles him to the unemployment benefits denied by the Employment Security Board of Review (hereinafter "Review Board"). Bigley worked at Global Engineering Technology, performing facility maintenance for over eleven years. On November 1, 2013, Moore assigned Bigley with a number of tasks to be completed. Moore instructed Bigley that if he were unable to complete the tasks on November 1, 2013, to return on November 4, 2013, to finish. On November 4, 2013, Moore was not satisfied with the amount of work completed and

called Bigley. An argument ensued between Bigley and Moore. The Review Board found that Bigley hung up on Moore; however, Bigley disputes this fact.

Following his termination, Bigley applied for unemployment benefits on November 5, 2013. The Kansas Department of Labor denied Bigley's application on November 21, 2013. Bigley appealed the decision to the Review Board which also denied his claim, finding misconduct as the reason for termination. The Review Board will not pay unemployment benefits to a claimant whose termination was due to misconduct.

Bigley filed his complaint on March 19, 2013, asserting diversity jurisdiction. On April 25, 2014, the Review Board filed a motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, failure to state a claim. Six weeks have passed and Bigley has not responded to the defendant's motion.

The motions seek dismissal under Federal Rule of Civil Procedure 12(b)(1). At issue is whether the court has subject-matter jurisdiction. Initially, it is unclear what the plaintiff's claim is. Bigley appears to simultaneously claim wrongful termination by Darren Moore and appeal the Review Board's denial of unemployment benefits. This uncertainty is irrelevant, as the result is the same regardless of the claim.

**II. Legal Standard- Motion to Dismiss for Lack for Subject-Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012) (quotation omitted). The court presumes no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Dutcher v. Matheson*, 733

2

F.3d 980, 985 (10th Cir. 2013). Congress has defined two types of cases in which district courts may exercise original jurisdiction.

The first type is diversity jurisdiction:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
(1)     citizens of different States;
(2)     citizens of a State and citizens or subjects of a foreign state;
(3)     citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4)     a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

28 U.S.C. § 1332.

The second type is federal question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdictional statutes are closely construed. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 (1950). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Marcus*, 170 F.3d 1305, 1309.

### III. Analysis – Motion to Dismiss for Lack of Subject-Matter Jurisdiction[1]

Diversity jurisdiction requires complete diversity of parties and an amount in controversy exceeding $75,000. To determine whether plaintiff has satisfied the jurisdictional amount, the Court looks to the face of the complaint. *Caddell v. CitiMortgage, Inc.*, CIV.A. 04-2403-KHV, 2006 WL 625970 (D. Kan. Feb. 14, 2006)

---

[1] On May 9, 2013, defendant Darren Moore filed a motion to join the Review Board's motion to dismiss. *See* Dkt. 14. The court cannot prohibit Moore from replicating the arguments made in the Review Board's motion to dismiss. Therefore, for purposes of judicial efficiency, the court grants Moore's motion to join the Review Board's motion to dismiss.

(quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998)). Ordinarily, the amount claimed in the pleadings is controlling if it appears plaintiff makes the claim in good faith. *Id.* It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* Bigley clearly stated in his complaint that the amount in controversy exceeds the jurisdictional floor of $75,000. The claim appears to be in good faith, and no legal certainty has been established to justify dismissal solely on this basis.

However, Bigley cannot establish the requisite diversity of citizenship. In order for a court to exercise diversity jurisdiction under § 1332, the citizenship of all parties on one side of the case or controversy must be diverse to those on the other side. *United Nuclear Corp. v. Moki Oil & Rare Metals Co.*, 364 F. 2d 568, 569-70 (10th Cir. 1966). Bigley is a citizen of Kansas. His address in the complaint is located in Wichita, Kansas, and he indicated he is a citizen of Kansas on the civil cover sheet accompanying his complaint. Defendant Moore also appears to be a citizen of Kansas. Moore is a customer service supervisor at Global Engineering Technology, a company located in Goddard, Kansas. Bigley does not indicate that Moore is from any state other than Kansas. Bigley fails to establish complete diversity of the parties, so this court cannot exercise diversity jurisdiction.

Next, the court analyzes whether the case arises under federal law. "A suit arises under the law that creates the cause of action." *Nicodemus v. Union Pac. Corp.*, 318 F. 3d 1231, 1236 (10th Cir. 2003) *opinion reinstated in part,* 440 F. 3d 1227 (10th Cir. 2006). The complaint states that Darren Moore wrongfully terminated Bigley. However, Bigley

seeks relief in the form of unemployment benefits that were denied him by the Review Board. Whether Bigley's claim is one of wrongful termination or an appeal of the Review Board's decision, both arise under state law, and neither claim could establish federal question jurisdiction.

Bigley did not meet his burden of establishing this court's subject-matter jurisdiction through diversity or a federal question. As a result, the court grants the defendants' motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). The court need not address the defendants' alternative argument that Bigley failed to state a claim.

IT IS THEREFORE ORDERED this 25th day of June, 2014, that Employment Security Board of Review's Motion to Dismiss (Dkt. 9) is granted.

IT IS ALSO ORDERED that Darren Moore's Motion for Joinder (Dkt. 14) is granted.

s/J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE